IN THE UNITED STATES DISTRICT COURT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLOTTE ACY, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * |
| | *   Case No.: 1:21-cv-00297-TBM-RPM |
| AVERITT EXPRESS, INC. and | * |
| JOHN DOES 1-10, | * |
| | * |
|     Defendants. | * |

## RESPONSE TO ORDER TO SHOW CAUSE

Comes now Plaintiff's counsel and responds as follows:

Counsel's failure to attend the subject case management conference was the result of mistake, inadvertence, surprise and excusable neglect. Specifically, counsel never received notice of said conference. In February 2019, counsel left his prior law firm, Citrin Law Firm, P.C., and began working for his current law firm, Long and Long, P.C. When changing firms, counsel attempted to update his contact information in all Courts in which counsel was admitted, including the Southern District of Mississippi. Apparently, counsel did not correctly update his contact information like he thought he did, for when counsel inquired with the Court regarding failing to receive notice of the subject conference, counsel was informed that his email still read mac@citrinlaw.com (his old firm) instead of mac@longandlong.com (his new firm). The subject case is the first case counsel has had in the Southern District since changing law firms; thus, this is the first opportunity counsel had to discover this error.

Rule 6(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). One of the underlying premises of the excusable neglect doctrine is that it exists to

1

prevent victories by default. *Newgen, LLC. v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored). It is an oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities. *Rodriguez v. Village Green Realty, LLC,* 788 F.3d 31, 47 (2d. Cir. 2015) (*citing Cargill, Inc. v. Sears Petroleum & Transp. Corp.,* 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits). Excusable neglect is, at bottom, an equitable doctrine, without a precise definition in the Federal Rules. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership,* 507 U.S. 380, 395 (1992). Luckily, the U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the *Pioneer* case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect under either Rule 6 or Rule 60. The factors to be considered in excusable neglect are (in no particular order):

1. Whether the delay in filing was within the reasonable control of the movant;

2. The length of the delay and the delay's potential impact on judicial proceedings;

3. The danger of prejudice to the non-moving party; and

4. Whether the movant acted in good faith.

First, in the present case, counsel was not required to file anything; he inadvertently and unknowingly missed a telephone conference. Second, regarding delay, counsel discovered this error less than two (2) hours later and took immediate action calling and emailing both the Court and Defense counsel, apologizing and explaining that counsel had no notice of the subject hearing. Over the next two (2) business days, counsel (and his paralegal) spent time online and on the phone attempting to remedy the problem with the emails. On Monday, 11/01/21, counsel

believes the email error was corrected (fingers crossed). (See Email and Attachment, attached hereto as Exhibits "A" and "B", respectively). Third, Defendant will not be prejudiced by resetting the conference. Moreover, Defense counsel graciously agreed and stipulated to this point. (See Email, attached hereto as Exhibit "C"). Lastly, Plaintiff's counsel acted in good faith and no one is alleging otherwise. Indeed, during the time of the subject hearing, counsel was sitting at his desk drinking coffee and answering emails, completely oblivious to the fact there was a conference taking place; had counsel known, he certainly would have attended the same.

Because the missing of the conference was due to excusable neglect, counsel has acted expeditiously and in good faith, and Defendant has not been prejudiced, Plaintiff's counsel respectfully requests the Court refrain from entering sanctions against him.

Wherefore, premises, considered, Plaintiff's counsel respectfully requests the Court reset the conference for hearing.

Respectfully submitted,

BY: */s/ Samuel P. McClurkin, IV*
Samuel P. McClurkin, IV (MSB# 103508)
Attorney for the Plaintiff

OF COUNSEL:
LONG & LONG
3600 Springhill Memorial Dr. N.
Mobile, AL 36608
Telephone: (251) 432-4878
Facsimile: (251) 445-0282
Mac@longandlong.com

## CERTIFICATE OF SERVICE

I, Samuel P. McClurkin, IV., attorney for Plaintiff, do hereby certify that I have, on this day, filed the foregoing document with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

*/s/ Samuel P. McClurkin, IV*

Dated: November 3, 2021